*461 Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered February 11, 2010, which denied the motions by defendants Boston Properties and Citigroup Center for summary judgment, unanimously reversed, on the law, without costs, the motions granted, and the complaint dismissed as against those defendants. The Clerk is directed to enter judgment accordingly.
Plaintiff alleges she slipped on ice that formed on the floor of a revolving door during the evening rush hour. The moving defendants established their prima facie entitlement to summary judgment as a matter of law by establishing they had no notice of the defect alleged to have caused plaintiffs fall, submitting evidence that they never received complaints with respect to accumulation of snow or ice in the area where the accident occurred, that there were no reports regarding burned out light bulbs, and that the area where plaintiff fell was well lit. In opposition, plaintiff relied on climatological data showing that the temperature never exceeded 17 degrees between 7:00 a.m. and 7:00 p.m. on the date of the accident, and on the 12-hour passage of time between the last snowfall and the time she fell to raise an inference of constructive notice. However, plaintiff conceded that she did not see the ice, and her evidence is equally susceptible to the interpretation that it formed as a result of moisture tracked in by pedestrians. It is not alleged that these defendants created the allegedly hazardous condition, and the law imposes no obligation to take continuous remedial action to remove moisture accumulating as a result of pedestrian traffic (see Pomahac v TrizecHahn 1065 Ave. of Ams., LLC, 65 AD3d 462, 467 [2009]). Plaintiff thus failed to demonstrate that the condition existed for a sufficient length of time preceding her accident to afford defendants’ employees sufficient opportunity to discover and remedy it. Concur—Tom, J.P., Sweeny, Catterson, McGuire and Román, JJ. [Prior Case History: 2010 NY Slip Op 30296(U).]